# FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. SECTION 1983

### In the United States District Court
### District of _____

Anthony Tony Smith # 04051-082
_____

Enter above the full name of the plaintiff
in this action.

### VS.

_____

Federal Bureau of Prisons
_____

## 05 - 40074

_____

Enter above the full name of the defendant
or defendants in this action.

## I. Parties

(In item A below, place your full name in the first blank and place your present address in the second blank. Do the same for any additional plaintiffs.)

A. Name of Plaintiff __Anthony Tony Smith_____

   Current Address __42 Patton Road, 870 P.O. Box 879, Ayer, MA 01432__

   _____

(In item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item C for the same information regarding any additional defendants.)

B. Defendant __Federal Bureau of Prisons_____ is

   employed as __United States Department of Justice_____

   at __42 Patton Road, P.O. Box 880, Ayer, MA 01432_____

C. Additional Defendants _____

## II. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Also include the names of any other persons involved, dates and places of events. You may cite Constitutional Amendments you alleged were violated, but do not give any legal arguments or quote any cases or statutes.

If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. (Attach additional sheet if necessary).

SEE ATTACHED

## III. Relief

Briefly state exactly what you want the court to do for you. (Make no legal arguments. Do not cite cases or statutes.)

SEE ATTACHED

( X ) **Jury Trial**          (  ) **Non-Jury Trial**

## IV. Place of present confinement

FMC-Devens, 27C P.O. Box 879, Ayer, MA

A. Is there a prisoner grievance procedure in this Institution?  ( X ) **Yes**     (  ) **No**

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

( X ) **Yes**     (  ) **No**

C. If your answer is **Yes:**

1. What steps did you take? _____

2. What was the result? _____



D. If your answer is **NO**, explain why not. _____

_____

E. If there is no prison grievance procedure on the institution, did you complain to the prison authorities?

( ) **Yes**      ( ) **No**

F. If your answer is **YES**:

1. What steps did you take? _____

_____

2. What was the result? _____

_____

## V. Previous Lawsuits

A. Have you ever begun other lawsuits in any state or federal court relating to your imprisonment?
( ) **Yes**      ( ) **No**

B. If your answer to A is **YES:** You must describe any lawsuits, currently pending or closed, in the space below. (If there is more than one lawsuit, you must describe the additional lawsuits on another piece of paper, using the same outline.)

1. **Parties to previous lawsuit:**

Plaintiff(s) _____

_____

Defendants _____

_____

2. Court (if federal court, name the District; if state court, name county): _____

3. Docket number: _____

4. Name of Judge to whom case was assigned _____

5. Disposition (was the case dismissed? Appealed? Still pending?) _____

6. Approximate date of filing lawsuit _____

7. Approximate date of disposition _____

I declare under penalty of perjury that the foregoing is true and correct.

5  7  05

_____      _____
(Date)                                 (Signature of Plaintiff)

COMES NOW, the plaintiff, Anthony Tony Smith, pro se (Reg. No. 04851-082), hereby files this pleading in the district court under the Americans with Disabilities Act ("ADA"), pursuant to 42 U.S.C. Section 12132, the Federal Tort Claim Act ("FTCA"), pursuant to 28 U.S.C. Section 1346(b) and a Civil Rights Complaint pursuant to 42 U.S.C. Section 1983 against the Federal Bureau of Prisons ("B.O.P) alleging that the BOP violated his Fifth, Eight and Fourteenth Amendments right to be free from "Cruel and Unusual" punishemnt by failing to provide him with his adaptive devices to accomodate his visual impairment which interfered with his right to access the courts and sucessfully complete an educational program program that would enable him to improve his educational and occupational skills.

The Plaintiff seeks injunctive relief in the form of an order from which enjoining the FBOP to provide him with independent living adaptive devices.

He also seeks the appointment of counsel under 28 U.S.C. Section 1915(d), as he believes that his disability requires such, **Cookish v. Cunningham,** 787 F 2d. 1 (1st Cir. 1986), and compensatory damages awards in the amount of **$1,000,000.00** under the FTCA for mental anguish and emotional distress.

## FACTS

Plaintiff Smith plea guilty to being in possession with intend to distribute Heroin. On February 19, 2003, he was arrested and subsequently charged with a single count of knowlingly failing to appear for sentencing hearing. At the sentencing hearing on May 5, 2003, he was sentenced to 78 months of which was a 32 month sentence for jumping Bond. Counsel for Mr. Smith filed a timely appeal but on November 17, 2003, the Second Circuit Court of Appeals affirmed the Judgement of the District Court. Plaintiff is legally blind in his right eye and totally blind in his left eye as he suffers from glaucoma and his certified visually handicapped by the New York Commission for the Blind # 88909Y.

-1-

The plaintiff argues that while serving his 72 months sentence at the Federal Correctional Institution ("FCI") at Otisville, New York he was denied adaptive devices to accomodate his visual impairment which adversely impacted his ability to file a pro-se motion to vacate sentence pursuant to 28 U.S.C. Section 2255, to challenge the 32 month sentence enhancement for bond jumping. He also contends that the BOP's failure have impeded his successful completion of educational programs designed to assist him in obtaining a "GED" certificate that would enable him to improve his communication skills to enter the work force upon his release from prison. He asserts that the BOP's negilence prevented him from pursuing a non-frivolous legal claim.

In order to have a meaningful access to the legal system and education programs the plaintiff would need a magnifying glass or "minoculars, talking calculator, CCTV Monitor, talking computers, books on tape from the library of Congress, Talking book tape player, large print lined paper, signature guides and 20/20 markers that are used by the visual impaired, and to be registered with the post office for free matter for the blind and physically handicapped mailing. he also asserts that it is constitutionally inadequate for him to have to depend on "jailhouse" lawyers to assist him in filing legal forms and other pleadings, reading his Judicial orders and opinions and responding to motions. Many prisoners are functionally illiterate and it would not be prudent to give these prisoners power of attorney over his case. Moreover, the BOP has adopted a new policy banning prisoners from having copies of their Pre-sentence report ("PSI") in their possession which prevents other prisoners from effectively providing legal services to each other.

There is no way that plaintiff Smith could preform the essential function of reading and responding to motions without accomodation for his visual impairment, thus, he is qualified individual under the ADA. Also, his likelihood of succeeding in challenging the 32 month sentence enhancement in a Section 2255

-2-

proceedings can be assumed in the light of the recent Supreme Court decision in **United States v. Booker,** 125 S.Ct. 738, 764 (2005), thus he was deprived of a fundamental and constitutional right to file meaningful challenge to his sentence. Additionally, in assessing plaintiff Smith's effort to secure counsel this Court should consider his medical condition when determining whether he made "reasonable diligent effort under the circumstances to obtain counsel." Finally, although certain BOP employees were actually contractors subject to certain qualifications' Federally Supported Health Center Assistant Act ("FSHCA")." See, **Tisdale v. United States,** 62 F.3d 1367, 1371 (11th Cir 1992).

Plaintiff Smith believes that he will suffer irreparable harm if he is not provided with the aforementioned relief; (1) he will be subject to future Fifth, Sixth, and Eight Amendments right violations; (2) he will not be able to research, investigate, or file papers in the courts; (3) he will not be able to participate in the future education programs or take the literacy test and : (4) he will not be able to file meaningful challenges to his conviction of confinement.

Foe all of these reasons stated above plaintiff Smith represents that he is aggrieved by the BOP's negilence and request for an order from this Court consistent with the above.

Dated: This ___9___ day of ____MAY____, 20_05_.

Respectfully submitted.

_Anthony Tony Smith_
Anthony Tony Smith
Pro-se

-3-

UNITED STATES GOVERNMENT

# Memorandum

Northeast Regional Office, Philadelphia, PA
FEDERAL BUREAU OF PRISONS

**DATE:** April 6, 2005

**REPLY TO**
**ATTN OF:** Henry J. Sadowski, Regional Counsel

**SUBJECT:** Administrative Tort Claim No. TRT-NER-2005-01269

**TO:** Anthony Smith, Reg. No. 04851-082
FMC Devens

Your Administrative Tort Claim No. TRT-NER-2005-01269, was
properly received by this agency on October 25, 2004, and has
been considered for settlement as provided by the Federal Tort
Claims Act (FTCA), 28 U.S.C. § 2672, under authority delegated to
me by 28 C.F.R. § 543.30. You seek compensatory damages in the
amount of $1,000,000.00 for an alleged personal injury.
Specifically, you claim you underwent unnecessary duress and
mental anguish as a result of being denied visual-aid equipment
and access to the same common privileges that were available to
other inmates at the Federal Correctional Institution (FCI),
Otisville, New York.

After careful review of this claim, I have decided not to offer
a settlement. Investigation reveals you arrived at FCI Otisville
on August 27, 2003, legally blind in your right eye and totally
blind in your left eye, along with other medical problems. Your
medical conditions were closely monitored and you were referred
to the appropriate specialists for your eye concerns. The record
indicates you were placed on the waiting list in the Education
Department for the Literacy Program. Had you reached the top of
the list before your transfer from FCI Otisville, appropriate
accommodations would have been made for you to participate in the
program. You were provided a walking cane to assist your
mobility, upon the recommendation of an optometrist. Neither the
ophthalmologist nor the optometrist recommended any further
devices to assist you, nor is there record you requested any
specific equipment. You should make sick call, if you feel a
need to request any type of visual-aid equipment or a companion
to assist you within the institution. You fail to show you have
actually experienced a personal injury as the result of
negligence on the part of any Bureau of Prisons' employee.

Accordingly, your claim is denied. If you are dissatisfied with
this decision, you may seek reconsideration from this office or
bring an action against the United States in an appropriate
United States District Court within six (6) months of the date of
this memorandum.

cc: Craig Apker, Warden, FCI Otisville
David L. Winn, Warden, FMC Devens

05-40074

OTV 1330.13h
ATTACHMENT 1

## FCI OTISVILLE, NEW YORK
### ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES

### INFORMAL RESOLUTION FORM (BP-8)

NOTE TO INMATE: With the exception of sensitive issues and DHO appeals, you are advised that prior to receiving and filing a Request for Administrative Remedy Form BP-229(13) (old BP-9), you MUST attempt to informally resolve your complaint through your correctional counselor. Additionally, in accordance with P.S. 1330.13, you have the responsibility to present complaints in good faith and in an honest and straightforward manner. Before completing this form, you should make every effort to honestly attempt to informally resolve this matter verbally with staff. Briefly state ONE complaint below and list what efforts you have made to resolve your complaint informally.

Date form issued and initials of Corr. Counselor: _N_ 2-9-04

INMATE'S COMMENTS:

1. Complaint: When I arrived at Otisville, I went t
A+O Education. I was told by Ms Long Acre
that she would be contacting outside agencies.

2. Efforts made by you to informally resolve: Saw Ms. Long Acre
AT A+O and presented to her what I've just writte
in question #1 with no reply, since September 2003.

3. Names of staff you contacted/Date you contacted the staff:
A+O education - Ms Long Acre - seen her
in September.

Date returned to Correctional Counselor: 2-10-04

Anthony Smith          04851-082
Inmate's Name          Register Number          Date

CORRECTIONAL COUNSELOR'S COMMENTS:

1. Efforts made to informally resolve and staff contacted: Spoke with the Education Program Specialist who stated that you are on the waiting list for GED and that they are checking with the Central Office in regards to your condition on how to accommodate you if possible.

Date of attempt at informally resolution: 2-11-04    Signature: _____ Counselor

Date BP-9 Issued and reviewed by Unit Manager: 2-11-04

2 - W
Unit Manager

on my educational status on how to have
prepare for the G.E.D. test and Educational pro-
ming; Being I am a visually impaired inmate
blind in my left eye, and legally blind in the r
eye. In left eye I have vision of 2200 w
glacoma. I am unable to bring my security
down, or a pay raise at my Job, and I feel
this is very unfair because I've been workin
5 month at a grade four, unable to go any
further. It's not my fault that this facility
do not have the equipment for my education,
hope that this situation will be addressed an
resolved as quickly as possible.

Thank you !

DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

2-11-04  (A)

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **Smith, Anthony, T**    **04851-082**    **EB**    **FCI Otisville**
       LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A– INMATE REQUEST**    To: Regional Director

Please refer to the complaint and response presented on my BP-8 form made out by Institutional Counselor Scialabba. I do not feel Mrs. Long Acre contacted the Central Office untill I filed complaint at hand. My BP-8. She had from Sept., 2003 till Feb., 2004 to do so, but did not contact, to discuss any progress or attempts to remedy this important situation. I Fear that if I do not take this matter to the regional director, it will, again, be assumedly ignored. The remedy I am pursuing reaches out to be provided with educational equipment that can create a means by which I can earn my G.E.D. diploma like all the rest of the inmates here at Otisville can accomplish. There exist ways to bring me into having access to educational equipment. No equipment of the likes of the magnifiers, talking computers, or mobility canes exists at this prison. I am in need to gain access to these type of equipment by whatever means possible. Without these equipment my education, daily living, and custody reduction are being hindered. Realistic results is being sought through this request to the regional Director.

02-17-04

DATE                                    SIGNATURE OF REQUESTER

---

**Part B– RESPONSE**

Rec'd Lgl 02/19/04

---

DATE                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: 325032-F1

---

                                               CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____
DATE                                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                    Printed on Recycled Paper                    BP-229(13)
                                                            APRIL 1982

Smith, Anthony
Register Number: 04851-082
Administrative Remedy Number: 325032-F1

---

Part B - Response

This is in response to your Request for Administrative Remedy in which you state you have impaired vision. You request "educational equipment" to help you get your GED certificate.

A review of this matter reveals you are currently on the waiting list for literacy classes. Your classroom teacher and our literacy coordinator will work together to develop a program of auditory-based testing and instruction when you are scheduled for classes. If special equipment is required, a determination will be made at that time.

Based on the above information, your request for relief is denied. If you are dissatisfied with this response, you may appeal to the Regional Director, Northeast Regional Office, within 20 calendar days of the date of this response.


___3/5/09___                          _Fredrick Menifee_____
Date                                  Fredrick Menifee, Warden

**U.S. Department of Justice**

**Federal Bureau of Prisons**

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP–DIR–9 including any attachments must be submitted with this appeal.

From: __Smith  Anthony  T__  __04851-052__  __EB__  __FCI Otisville__
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A—REASON FOR APPEAL** In response to my denial of my B-P-9, I am unable to find any relief in my past remedies (~~request~~ BP8, BP9) with my visu impairment. So I wrote to the Commission For the Blind, and they sen a letter verifying the issue. I was disabled on the street with a monthly open case with the department of social security bec of my visual impairment, and I was receiving financial assistance f them until my arrest. This is all documented in my PSI, and I wa attending the Helen Keller School For the Blind For Training. With All of this documentation, The hardship I am be attending the Helen Keller School For the Blind For Training, with All inconsiderate toward my visual impairment. The hardship I am be forced to endure by a mere set of headphone, The Equipment I am in need of was supplied at the ~~Turish~~ ~~out~~ girl For the Blind, and Helen Keller school For the Blind, and when I was incarcerated at N State prison (Eastern Correctional Facility, Napanoch, NY, Laws ?), Facility provided me all of the equipment that is described in the and more. IF this institution will not supply me with the equipm I've describe in my BP8, please consider transfering me to a faci that does have these equipment, most preferrably a facility with a of the above mentioned state pris __03-15-04__   kind of hand, caps, accommodations. ~~The above mentioned state pris~~ _____   is presently funded.   [signature] ~~Smith~~
DATE   consider sending me there!   SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____   _____
DATE   REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE   CASE NUMBER: __325032__

**Part C→RECEIPT**   CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____   _____   _____   _____
USP LVN   DATE   Previous editions not usable   SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
APRIL 198

Original Additional
Attachment:

I requested my ey examination
Sheet done by Dr PUNIM on 03-02-0'
I was not able to receive this documentation
in time to send it with this BP-10.
because the medical record Department said
they did not get around to it yet. I told
them I needed it within 20 days, Their
response was that I would get it when
the get around to it. If possible, could
you request my eye examination from
03-02-04, and the one from 01-08-04 by
Dr Weissman.

SMITH, Anthony
Reg. No. 04851-082
Appeal No. 325032-R1
Page One

---

### Part B - Response

In your appeal, you feel the administration at FCI Otisville is
being inconsiderate of your visual impairment.  You state you
would like to participate in the Literacy program and obtain your
GED certificate, but you have been denied the equipment needed
due to your impaired vision.  You suggest, if the institution
cannot provide the equipment, then you should be transferred to a
facility capable of handling your condition.

A review of your appeal revealed that you have been placed on the
Literacy Wait List.  Once you are enrolled in the class, your
Literacy teacher will make the necessary accommodations to ensure
your learning plan will be designed based on auditory
instruction.  Upon successful completion of the Literacy program,
you will be recommended for special accommodation through the GED
Testing Service.  This will allow you to take the official GED
Test without restrictions due to your impaired vision.  Whether
special equipment is required will be determined at that time.
Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the
General Counsel, Federal bureau of Prisons.  Your appeal must be
received in the Administrative Remedy Section, Office of General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,
Washington, D.C. 20534, within 30 calendar days of the date of
this response.

Date: April 21, 2004

D. SCOTT DODRILL
Regional Director

Administrative Remedy No. 325032-A1
Part B - Response

You contend you are legally blind and request that accommodation
of your blindness be provided or that you be transferred to an
institution where your blindness may be accommodated.

A review of your record reveals that you have been approved for
transfer to the Federal Medical Center in Devens, Massachusetts,
where your blindness may be accommodated.

This response is for informational purposes only.

_June 29, 2004_
Date

Harrell Watts, Administrator
National Inmate Appeals

I nmate recieved on 7/9/04
                    D. Wynurp. Unit

CENTRAL OFFICE APPEAL OF REGIONAL RESPONSE
ANTHONY T. SMITH, 04851-082, UNIT EB, FCI OTISVILLE
DATED: APRIL 27, 2004, PAGE 2

3.    At this point in time, I can not read any books, write any letters, and must have prisoners to read and write my mail, whether legal or personal.    Which also violates my Privacy Act.    The violations of my Due Process and Equal Protection Clauses, guaranteed by the Fourteenth Amendment of the United States Constitution & the American with Disability Act, enables me to live a normal life, as any other prisoner, in a Bureau of Prisons Facilities.    Also, as I mentioned in my BP-10, the New York State Department of Correctional Services, Eastern Correctional Facility, in Napanoch, NY, ironically was funded by the federal government and provided me with all the above mentioned equipment. Here I am in a federal institution, and none of the above equipment has been provided.

4.    WHEREFORE, I respectfully request Central Office to intervene on my behalf, and assist with me entering the Literacy program, not to continue to be on the waiting list and I also need the equipment noted above, which will able me to live a normal life, like any other prisoner and the way I was living in society because of my blindness.

Thank you for your time and attention in this matter.

Respectfully Submitted,

Anthony T. Smith, 04851-082

S⁻ 95 (Face)

| CLAIM FOR DAMAGE, APPROVED INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) necessary. See reverse side for additional instructions. |
|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's pr resentative, if any. (See instructions on (Number, street, city, State and ZIP Code) |
|---|---|
| To Director, Torts Branch- Civil Division U.S. Department of Justice Washington, DC   20530 | Anthony Smith I.D. # 04851-082 F.C.I. Otisville - P.O. Box 1000 Otisville, New York   10963 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 2-2-66 | Single | August 27 , 2003 | N/A |

8. Basis of Claim (State in detail the known the known facts and circumstances attending the damage, injury, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional necessary.) The basis of claim for the filing of this torts action is as follows: Under 42 U.S.C. Civil Rights of institutionalized persons this Torts Action provides numerous substantive due process violations by the Bureau of Prisons.

| 9. | PROPERTY DAMAGE   (see attached) |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and ZIP Code)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. instructions on the reverse side.)

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN NAME OF INJURED PERSON OR DECEDENT.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, street, city, State, and ZIP Cod | |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (in dollars) One Million- $1,000,000. |
|---|---|

| 12a. PROPERTY DAMAGE may | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failu cause forfeiture c |
|---|---|---|---|

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE T AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on revere side.) Anthony Smith 04851 082 | 13b. Phone Number of signatory | 14. DA |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAU CLAIM OR MAKING FALSE STATEMENT: |
|---|---|
| The claimant shall forfeit and pay to the United States the more sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprison than 5 years or both. (See 18 U.S.C. 287, 1 |

95-109
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE

Part 1.

Personnel of the Bureau of Prisons (hereinafter "BOP") in not
accommodating Anthony T. Smith (hereinafter "claimant") in acquiring
the visual aid equipment for his visual ailment violated claimant's
V, Vlll, and XlV Amendment. Claimant is legally blind and visually
handicapped in accordance with New York State Law, Section 8704.
Claimant's visual disability has been ignored since arriving at
FCI Otisville, New York. Claimant was transfered from Raybrook
Federal Correctional Institution as the result of his visual
impairement. The beginning of claimant's duress materialized when
he was placed at a County Jail in wait for the transfer from Raybrook
Federal Correctional Institution to FCI Otisville. Claimant spent
seven weeks in Administration Segregation (Swanton, Vermont) awaiting
sentencing seeing he was held at a Raybrook instead of a regular County
Jail on account of his visual disability. Correctional personnel at FCI
Otisville had proof of claimant's visual disability from the start of
his confinement at FCI Otisville. (See Exhibit "A", dated 2/23/03) &
(Exhibit "B", 2/24/04) which verifies documented responses with regards
to claimant's visual disability from the New York State Office of
Children and Family Services Commission for the Blind and Visually
Handicapped (hereinafter "CBVH"). Claimant pursued visual equipment
from the medical department and the educational department from the
start of his confinement at FCI Otisville. Had it not been for
claimant's filing a BP-8, BP-9, BP-10, and BP-11, to gain access to
his visual problems solution, it is foreseeable that the BOP would have
prolonged their inconsideration towards him. Claimant's Tort Action
is also supported by the American Disability Act and Privacy Act. In
addition, please find attached Medical Consultant Sheet of several
optometrists; H. Weissman, D. Punin, C. Howard (Exhibit "C"). outlining
claimant's visual disability.

Claimant has been made to endure unnecessary duress and mental anguish
as the result of BOP's neglect of claimant's medical needs. The BOP
were in a position to act in accordance to his direct personal medical
needs. At claimant's sentencing, Honorable Judge Consession lll
made recommendations to the BOP to house claimant at a Federal Medical
Facility. Claimant following sentencing was held at WWD Wyhatt,

Part 3.

In addition to claimant's initiation of an effort to gain access to the
visual equipment he is well aware of needing seeing he has used these,
both, on the street and while he was incarcerated at Eastern Correctional
Facility, P.O. Box 338, Napanoch, New York, 12458-0338, Dr. Somers was
given by claimant a list of all of the visual equipment that claimant
had at home. Dr. Somers, physician at FCI Otisville, led claimant to
believe that he would be given the equipment he submitted to her upon
Dr. Somers receiving documentation of claimant's visual disability. It
should be noted that this documentation existed from the start of claimant's
incarceration in the form of Judge Consession's recommendation. Dr.
Somers also arranged a visual aids test given by Dr. Howard of FMC Devens
which confirmed claimant's visual disability, given in May, 2004.
Instead of receiving the visual equipment Dr. Somers led claimant to
believe he would receive for his literacy program and for his personal
uses, claimant did not receive any equipment and only received another
claim of help in the form of a transfer to FMC Devens. He received this
claim of transfer on July 9, 2004. As of yet claimant has not been trans-
fered, adding to his mental anguish.

This Torts Action seeking One Million Dollars ($1,000,000.00) is the
result of the BOP violating claimant's substantive due process rights.
It has taken claimant more time to file this Torts Action since he
is unable to write toward his claims of this Torts Action. Claimant
had to wait for assistance from others to do this Torts Action, as he
has to depend on other inmates to read his letters, read whether he has
an appointment at the facility, or any other type of situations requiring
reading.

Claimant respectfully requests that this Tort Action will deem justice
and will help others with handicap problems from being treated - unfair-
"Fundamentally Fair" as claimant has shown the BOP negligently delayed
the assistance that is warranted by the claimant. May the settlement
requested reflect the seriousness of the claimant—who has been made to
serve the last 20 months under a duress that was provoked by the BOP's
determination on their part that claimant's problem was not a serious

Central Falls, Rhode Island from May 29, 2003 to August 27, 2003.
Afterward he was sent to Otisville Federal Correctional Facility on
August 27, 2003. Claimant became very discouraged when he learned that
FCI Otisville was not a Federal Medical Facility, in that this was
where claimant had been told by medical at Raybrook that he would be
transfered to a Federal Medical Facility so he could be given the
visual equipment he was in need of. Claimant became more discouraged
as months materialized without any form of relief for the assistance
he sought from, both, the Medical Department at FCI Otisville and from
Warden Frederick Menifee.

When entering any BOP facility, inmates are required to take part in
the literacy program, and any inmates who does not participate will
not be able to benefit in the many initiatives that comes in completing
such program created to help properly rehabilitate the inmate. In
claimant's case he was neglected and ignored that common privilege that
are available to all other inmates as a part of their rehabilitation
due processes. FCI Otisville does not have the visual aid equipment
that would enable claimant to earn his GED. Claimant confronted the
Warden, Frederick Menifee and Regional Director, Scott Dodrill and
his correspondences with them are documented in claimant's BP-8, BP-9,
BP-10, and BP-11. It took a response from claimant's BP-11 to bring
about an effort on the BOP to deal with what should have been dealt
with following his sentencing and his sentencing justice's recommendation.
Claimant's BP-11 response finally informed him he was put on a waiting
list for transfer to the Medical Center in Devens, Massachusetts. The
BP-11 response informing claimant of this transfer was made in August,
2004, and at the filing of this Torts Action October, 2004 claimant is
still without the solution that he awaited since his incarceration
began (May 5, 2003). The procrastination of the BOP's remedy to claimant's
visual disability shows that the BOP is negligent in taking claimant's
problem seriously. The 20 months of incarceration without any access of
the visual assistance claimant's has constantly pursued adds to the
cruel and unusual punishment and anguish claimant is experiencing.

Part 4.

refusal to act quicker than they had towards those who have a right of substantive due process for government to treat the handicap with "Fundamental Fairness", as it is clearly exhibited that claimant suffered unnecessary duress and mental anguish stemming from DOP"s negligence to act accordingly with "Fundamental Fairness."

## INSURANCE COVERAGE

In order that subrogation cl. . . . . y be adjudicated, it is essential that the claimant provide the following regarding the insurance covera . . . c: his vehicle or property.

15. Do you carry accident insu . . . . . . ┌──┐ Yes, if yes, give the name and address of insurance company (Numbe
No
   NONE                               │   │ street, city, State, and ZIP Code) and policy number.
                                      └──┘

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

          N/A

17. If deductib

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with r claim? (It is necessary . . . . . . ascertain these facts)

          N/A

19. Do you carry public liabi . . . . . . nd property damage insurance?  ┌──┐ Yes, if yes, give name and address of
                                                                         │   │ surance carrier (Number, street, city,
                                                                         └──┘ State, and ZIP Code)

          No

                                                                    SF 95 (Rev. 7-85) BACK

28 CFR 14.2

(This form may be replicated via WP)
SF_95 (Back)

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested for
in the letter to which this Notice is attached.
A. Authority: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 voluntary.
U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.
B. Principal Purpose: The information is to be used in

evaluating claims.
C. Routine Use: See the Notices of System
the agency to whom you are submitting this fo information.
D. Effect of Failure to Respond: Disclos
However, failure to supply the requested inf execute the form may render your claim "inva

## INSTRUCTIONS

Complete all items - Insert the work NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her persons,
authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED BY REASON OF THE INCIDENT. THE CLAIM MUST B THE APPROPRIATE FEDERAL AGENCY WITHIN   **TWO YE** CLAIM ACCRUES.

incapacitation, attaching itemized bills for hospital, or burial expenses actually incurre

(b) In support of claims for damage to pr been or can be economically repaired, the cla submit at least two itemized signed statemen by reliable, disinterested concerns, or, if made, the itemized signed receipts evidencing

(c) In support of claims for damage to pr not economically repairable, or if the prope destroyed, the claimant should submit statem original cost of the property, the date of p value of the property, both before and after Such statements should be by disinterested c

preferably reputable dealers or officials fa type of property damaged, or by two or more ders, and should be certified as being just

(d) Failure to completely execute this fo the requested material within two years from allegations accrued may render your claim "i claim is deemed presented when it is receive appropriate agency, not when it is mailed.

**Failure to specify a sum certain will res presentation of your** claim and may result in your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and reviewing the collection of information. Send comments regarding this burden estimate or any other aspe lection of information, including suggestions for reducing this burden,

to Director, Torts Branch
   Civil Division
   U.S. Department of Justice
   Washington, DC  20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC  20503

# New York State
# Office of Children and Family Services
# Commission for the Blind and Visually Handicapped

## South Building, Room 201
## 52 Washington Street
## Rensselaer, NY 12144-2796

Verification of Legal Blindness

| Name: **Anthony Smith** |
|---|
| Address: **2921 Tilden Avenue**<br>**Apt. 7E**<br>**Brooklyn, NY 11226** |
| CBVH Registration #: **88909Y** |

The above named person is registered as legally blind with the Commission for the Blind and Visually Handicapped in accordance with New York State Law, Section 8704.

| Signature: *Thomas A. Robertson* | |
|---|---|
| Title:    Associate Commissioner | Date: 2/23/03 |



George E. Pataki
*Governor*

**New York State**
**Office of Children & Family Services**
Commission for the Blind and Visually Handicapped
Capital View Office Park
South Building, Room 201
52 Washington Street
Rensselaer, NY 12144-2796

John A. Johnson
*Commissioner*

February 24, 2004

Anthony Smith
Reg. No. 04851-082
FCI Box 1000
Otisville, NY 10963

Dear Mr. Smith:

The Commission for the Blind in Michigan forwarded
your letter to this agency. As you requested, I am
enclosing proof that you are registered as legally
blind with the NYS Commission for the Blind and
Visually Handicapped (CBVH). Your eye registry
number is 88909Y.

While CBVH cannot intervene in your behalf, I can
confirm that glaucoma can affect night vision and
your field of vision, as well as your acuity.
Glaucoma requires regular follow-up with an
ophthalmologist to monitor the condition and prevent
further vision loss. Low vision aids and other
adaptive devices would likely help you to better
access educational opportunities available to you.

I hope that this information will be useful to you.

Sincerely,

Mary Ann van Alstyne
Associate Vocational
Rehabilitation Counselor



Patient: SMITH, ANTHONY          Date of Birth: Feb 2, 1966
ID Num: 04851-082                Diagnosis: GLAUCOMA

Exam Date:      May 5, 2004      Test Options:    2-PH
Background:     31.5 ASB         Pupil Diameter: ____ mm
Pattern:        Central 30       Corrective Lens:
Strategy:       Fast Thresh        SPH: ____
Dur/Int:        0.8/0.3 sec        CYL: ____   AXIS: ____
Stimulus:       AUTOMATIC        IOP: ____ mm Hg
Comments:                        Fast Thresh Offset: -2 dB

Raw Data                         Raw Data

EYE:    RIGHT
AGE:    37
FIXATION:   Mosaic
FALSE POS:  0/0
FALSE NEG:  53/76
TOTAL PNTS: 82
PRESENTATIONS: 755
TEST TIME:  16:35

Comp Norm                        Pattern Filter

Island of Vision
Area of Vision
Relative Scotoma

Normal Probs                     Normal Probs [Filtered: GH]

                                 Statistical Indices
                                        (S)
                                 QUAD 2          QUAD 1
                                 MS = 10.0       MS = 10.0
                                 MD = -19.0      MD = -18.4
                                 PSD = 3.8       PSD = 3.1
                                 CPSD = N/A      CPSD = N/A

                            (N)  ENTIRE FIELD          (T)
                                 MS = 10.8
                                 MD = -18.6
                                 PSD = 3.3
                                 CPSD = N/A
                                 SF = N/A

                                 QUAD 3          QUAD 4
                                 MS = 11.1       MS = 12.3
                                 MD = -18.2      MD = -17.2
                                 PSD = 8.2       PSD = 9.5
                                 CPSD = N/A      CPSD = N/A
                                        (I)

                                 Abnormal

                                 C. Howard, MD

P ≥ 5.0%
P < 5.0%
P < 2.0%
P < 1.0%
P < 0.5%

SENSITIVE LIMITED OFFICIAL USES = PhThisis

Raw Data Grayscale Symbols

| | 11 | 16 | 21 | 26 | 31 | 36 | ≥41 |
| 10 | 15 | 20 | 25 | 30 | 35 | 40 | |

C. HOWARD, MD MED OFCR
OPHTHALMOLOGY FMC DEVENS
AYER, MA

SYNEMED, INC
Field Trend Ver E5.4
Thu May 06 2004 11:44

*Heidelberg Retina Tomograph II*
*Initial Report*


**HEIDELBERG ENGINEERING**

| Patient: | **Smith, Anthony** | |
| --- | --- | --- |
| | Sex: male   DOB: Feb/2/1966   Pat-ID: 04851-082 | **OD** |
| **Examination:** | **Date: May/5/2004** | |
| **Scan:** | Focus: 8.00 dpt   Depth: 3.25 mm   Operator: Howard, MD, C   IOP: --- | |



| Stereometric Analysis ONH | | Normal Range |
| --- | --- | --- |
| Disk Area | 1.429 mm² | 1.69 - 2.82 |
| Cup Area | 0.999 mm² | 0.26 - 1.27 |
| Rim Area | **0.429 mm²** | **1.20 - 1.78** |
| Cup Volume | 0.238 cmm | -0.01 - 0.49 |
| Rim Volume | **0.025 cmm** | **0.24 - 0.49** |
| Cup/Disk Area Ratio | 0.699 | 0.16 - 0.47 |
| Linear Cup/Disk Ratio | 0.836 | 0.36 - 0.80 |
| Mean Cup Depth | 0.235 mm | 0.14 - 0.38 |
| Maximum Cup Depth | 0.615 mm | 0.46 - 0.90 |
| Cup Shape Measure | -0.149 | -0.27 - -0.09 |
| Height Variation Contour | **0.177 mm** | **0.30 - 0.47** |
| Mean RNFL Thickness | **0.040 mm** | **0.18 - 0.31** |
| RNFL Cross Sectional Area | 0.169 mm² | 0.95 - 1.61 |
| Reference Height | 0.286 mm | |
| Topography Std. Dev. | 16 µm | |

**Moorfields Classification: Outside normal limits (\*)**

(\*) Attention: Moorfields regression classification (Ophthalmology 1998;105:1557-1563). Results are based on normal eyes with refractive error of less than 6 diopters and optic disc sizes between 1.2 mm² and 2.8 mm². Classification based on statistics. Diagnosis is physician's responsibility.

**Comments:**

Date: May/5/2004   Signature:

**C. Howard, MD, MMM, CHCQM,   Medical Officer, Ophthalmology**
**Federal Medical Center Devens, PO Box 880,  Ayer, MA 01432-0880**

| MEDICAL RECORD | CONSULTATION SHEET |
|---|---|

| | REQUEST | |
|---|---|---|
| TO: T. PUNIM O.D.<br>CONTRACT OPTOMETRIST | FROM: (Requesting physician or activity) | DATE OF REQUEST |

APPT SCHEDULED FOR

: 3-2-04

PERRLA MG (–)

SLE:
– lid/lashes –
– conjunctiva –
– cornea –

Physician: Px is legally blind

POH: Suny Ophthalmogist 1-8-04 Cataracts     POH:

PMH: to px record not in chart     FMH:

Meds: States he is on Alphagan IFD OU     Drug Allergies – NKA

| R | OU Rx#1 | | R | OU Rx#2 | | |
|---|---|---|---|---|---|---|
| | 20/ | | | | 20/ | A/C |
| L | 20/ | | L | | | iris |

VAS:  OD 20/ OO   OS 20/   OU 20/     lens

EOM:     CTD:     CTN:     vitreous

CF: Full OD/OS. Other –     Dom Eye: OD  OS

| | NCT/Gold | ANGLE EST (GRADE) | | DPA | | | |
|---|---|---|---|---|---|---|---|
| TIME | | OD  1  2  3  4 | | TROPIC | .25% | .5% | 1% |
| OD | | OS  1  2  3  4 | | PHENYL | 2.5% | 5% | 10% |
| OS | | DO  90  20 | | PARED | 1% | | |
| | | GONIO  SF | | CYCLE | .5% | 1% | 2% |

OD ~ 30° Full

O.D.     C/D     O.S.
½  ⅔  AV  ⅔  ¾
— ON H —
– FR + FR Clear – Macula – Clear + FR = FR
BACKGROUND

BVA:     20/     PERIPH RE
     20/

| Rx | SPH | CYL | AXIS | PRISM | ADD. | VA |
|---|---|---|---|---|---|---|
| OD | | | | | | |
| OS | | | | | | |

| OD | Contacts | OS | INSTRUCTIONS: |
|---|---|---|---|
| | Power | | |
| | BC | | |
| | Diam | | |
| | Type | | |
| | O/Z | | |
| | Periph | | |
| | Bland | | |
| | Color | | |
| D | Other | D | |

D. Sommer, M.D.     3-2-04
Clinical Director

Pt not able to assess glau 3

Iop Devices

Recommend Seen Ophthalmologist by

     (Goto from last visit)

1) Advise low Vision Devices + eval

2) Prince mobility help ie
     Cane,

SIGNATURE AND TITLE
T. PUNIM O.D.
CONTRACT OPTOMETRIST     DATE 3-2-04

IDENTIFICATION NO.   ORGANIZATION
FCI Otisville, NY 10963     REGISTER NO.

SENSITIVE LIMITED OFFICIAL USE

PATIENT'S IDENTIFICATION (For typed or written entries give: Name—last, first, middle; grade; rank; rate; hospital or medical facility)

04851-082

Smith, Anthony

CONSULTATION SHEET
STANDARD FORM 513 (Rev. 9-77)
Prescribed by GSA/ICMR
FIRMR (41 CFR) 201-45.505
513-108

Date _3-2-04_

To: _To Health Addm._

(Name and Title of Officer)

SUBJECT: State completely but briefly the problem on which you desire assistance and what you think should be done (Give details).

_I would like receive mobility assistance and visual add assistance as well._

(Use other page if more space is needed)

Name _Anthony Smith_                    No.: _04851-082_

Work Assignment _PM Kitchen_            Unit _E-B_

NOTE: If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently. You will be interviewed, if necessary, in order to satisfactorily handle your request. Your failure to specifically state your problem may result in no action being taken.

**This section to be completed by staff member**

DISPOSITION:
① I received the letter on 3/2/04, regarding your status
② I reviewed both the optometrist' and opthamdogy consults.    Date _3-3-04_
You need a visual field
testing which will be arranged.
③ Any records you have from previous doctors would greatly help us get you the assistance that you need. I need to know what type of visual assistance you _Dunelson_ need. What did you have at    Officer
home?

Record Copy - File; Copy - Inmate  ④ You can get a cane from your P.A. You are scheduled for March 11, 2004 at 10:00 Am

D. Sommer, M.D.
Clinical Director

Replaces BP-148 of OCT 86

**U.S. DEPARTMENT OF JUSTICE**

**FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) Dr. Sommer | DATE: 6-1-04 |
|---|---|
| FROM: Anthony Smith | REGISTER NO.: 04851-082 |
| WORK ASSIGNMENT: None | UNIT: E-15 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

This is my second request. I know you didn't receive the first. I would to talk with you face to face about my disablities and what services for my visual aid I will start taking place here at VFC2 otisville. I hope that this situation will be looked at with seriousness on this matter.

Thank you very much

Anthony Smith

(Do not write below this line)

DISPOSITION:

I was trying to get you to one of the Medical centers to get you the assistance that you need. This is still in the process. The opthalnologist did not make any specifical commendation. Since you have 20/200 vision in one eye you will be scheduled.

RECEIVED
6-7-04

Signature Staff Member                    Date
Diane Sommer MD                           6/7/04
D. Sommer, MD
Clinical Director

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| Hospital | 9-2-03 |
| FROM: Smith Anthony | REGISTER NO.: 04857-082 |
| WORK ASSIGNMENT: | UNIT: EB |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

Request to see optomitrist in order

to obtain visual aides to assist me.

(Do not write below this line)

DISPOSITION:

Mr. Smith,
You were placed on the waiting list
~4-6 weeks
C. Tucker, HIT

| Signature Staff Member | Date |
|---|---|
| C. Tucker HIT | 9/4/03 |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

Printed on Recycled Paper

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                    FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| DR HOWARD /OPTOMRIST | 4-20-05 |
| FROM: Anthony Smith | REGISTER NO.: 04851-082 |
| WORK ASSIGNMENT: FSS | UNIT: JA-111L |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

I AM WRITING IN REQUEST of VISUAL AIDS
TO ACCOMODATE MY VISUAL disability. BINOCULAR
MINOCULAR AMPLER AND UV SHIELDS That
ARE placed over prescription EYE GLASSES.
I had those VISUAL AID AT THE Hollor
Rollin School of the Blind, AS well AS
A CC TV MONITOR To enlarge Reading
MATERIALS. Thanky you. I hope you
will ASSIT me with those VISUAL AIDS That
ARE needed.

(Do not write below this line)

DISPOSITION: Sunglasses are available
in Commissary

| Signature Staff Member | Date |
|---|---|
|  | 4/28/05 |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94



BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                          FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) Mr Allen /Rec. Therapist | DATE: 3-B-05 |
|---|---|
| FROM: Anthony Smith | REGISTER NO.: 04351-033 |
| WORK ASSIGNMENT: F.S 5 | UNIT: JA-111L |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

I spoke To Social Worker (Ms Coon) on 3-23-05
About me Receiving Services From the Commission for
The Blind. I was advise To direct my concerns
in RE. This MATTER To you, because she Told
ME That you ARE in contact with The Commission for
the Blind and Receiving services From them.
I will like To maintain my Contact and
Receive services while at the FMC Devens.
I AM Registered with The commission For The
Blind And if needed verification will be
provided. Thank for you Cooperation

(Do not write below this line)

DISPOSITION:

For a few Medical Patients, I have helped them fill
out applications forms to receive "books on tape".
I'm not sure if what your asking me is for
an application or for different services all together??
TALKING BOOK LIBRARY, WORCESTER PUBLIC LIBRARY
3 SALEM SQUARE   WORCESTER, MA. 01608
OR CALL THEM AT 1-800-762-0085

| Signature Staff Member | Date 3/28/05 |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94