```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

ANTHONY SMITH,                 )
          Petitioner,          )
                               )
     v.                        )  CIVIL ACTION NO. 05-40074-NMG
                               )
                               )
FEDERAL BUREAU OF PRISONS,     )
          Respondent           )
```

**MEMORANDUM AND ORDER**

For the reasons set forth below, plaintiff's application to proceed without prepayment of fees will be denied without prejudice.

BACKGROUND

On May 11, 2005, pro se plaintiff Anthony Tony Smith filed a civil complaint and an IFP application. Plaintiff is currently incarcerated at FMC Devens. In summary, the complaint alleges that the prison's refusal to provide plaintiff with "adaptive devices to accomodate [sic] his visual impairment" violates, *inter alia,* the Eighth Amendment, the Americans With Disabilities Act, and the Federal Tort Claims Act. See Attachment to Complaint at p. 1. Plaintiff seeks injunctive relief and $1,000,000.00 in monetary damages.

Plaintiff submitted a "Declaration in Support of Request To Proceed In Forma Pauperis" ("Declaration"), which will be construed as an application to proceed without prepayment of fees. Attached to the Declaration, plaintiff also submitted a copy of an inmate trust account statement from FMC Devens that

covers the period from February 18, 2005 to May 5, 2005. Plaintiff included a written notation on the trust account statement in which he asserted that his "financial information is only retrievable from the time of arrival at FMC Devens which was Feb. 17, 2005." See "Declaration" at pg. 3. According to plaintiff's filings, he was incarcerated at FCI Otisville in New York prior to his arrival at FMC Devens. See Affidavit In Support Of Complaint (Docket # 2) at pg. 1. Plaintiff did not submit an inmate trust account statement from FCI Otisville.

## ANALYSIS

I. Prisoner Litigants Seeking To Proceed *In Forma Pauperis* Are Subject To Additional Requirements Under 28 U.S.C. § 1915

Plaintiff is a "prisoner seeking to bring a civil action...without prepayment of fees" within the meaning of 28 U.S.C. § 1915(a)(2). He is, therefore, subject to the additional requirements of 28 U.S.C. § 1915 that apply only to prisoner litigants. In addition to an application to proceed in forma pauperis, prisoner litigants are also required to submit the following:

> [A] certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, **obtained from the appropriate official of each prison at which the prisoner is or was confined**.

28 U.S.C. § 1915(a)(2)(emphasis added). Based on the information contained in the prison account statement(s), the court "shall assess and, when funds exist, collect" an initial partial payment

of the filing fee from plaintiff's account, followed by payments on a continuing monthly basis until the entire $250.00 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(1)-(2) (stating that, even when proceeding in forma pauperis, prisoner litigants are required to pay the full amount of the filing fee, in increments determined by the formulas set forth therein).

II.  **Plaintiff Has Not Submitted Trust Fund Account Statements For The 6-Month Period Prior To The Filing Of The Complaint As Required By 28 U.S.C. § 1915(a)(2)**

In this case, plaintiff has failed to submit copies of the statements from "each prison at which [he] is or was confined" during the "6-month period immediately preceding the filing of the complaint", as required by 28 U.S.C. § 1915(a)(2).  Plaintiff submitted an account statement from FMC Devens, but that statement covers less than a three month period prior to the filing of the complaint.  Plaintiff could have, but did not, submit an account statement from FCI Otisville.  Presumably, a statement from FCI Otisville would detail plaintiff's prison account activity for the remainder of the 6-month period preceding the filing of the complaint.  Without certified copies of statements from all prison trust accounts held by plaintiff during the six months prior to the filing of the complaint, i.e., for the period from approximately November 11, 2004 to May 11, 2005, the court is unable to assess the appropriate partial filing fee and subsequent monthly fees as required by 28 U.S.C. § 1915(b)(1)-(2).

ORDER

Accordingly, plaintiff's application to proceed in forma pauperis is hereby DENIED WITHOUT PREJUDICE as incomplete. The court directs plaintiff to submit one of the following: (1) the $250 filing fee; or (2) a completed application to proceed without prepayment of fees, accompanied by certified copies of statements from all prison trust accounts held by plaintiff at any institution during the six months prior to the filing of the complaint. Failure to do so within 42 (forty-two) days of the date of this order will result in the dismissal of this action without prejudice.

In addition, I hereby direct the Clerk of this court to provide petitioner with a copy of the standard form Application To Proceed Without Prepayment of Fees.

SO ORDERED.

Dated at Boston, Massachusetts, this 14th day of December, 2005.

                                     s/ Nathaniel M. Gorton
                                     UNITED STATES DISTRICT JUDGE